**SO ORDERED.**

**SIGNED this 08 day of December, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

**SADDLEBROOK SUBDIVISION, LLC,**

        DEBTOR.                         Case No. 08-04296-8-JRL
                                                                Chapter 11
_____

**ORDER**

      This case is before the court on the motion for relief from stay filed by SunTrust Bank, N.A. ("SunTrust"). On November 14, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing allowing the motion.

**BACKGROUND**

      The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 27, 2008. The debtor is a North Carolina limited liability company in the process of developing a subdivision known as Saddlebrook. As of the date of petition, Landcraft Management, LLC ("Landcraft") was the manager of the debtor. On July 12, 2007, the debtor executed a note and construction loan agreement in favor of SunTrust. Suntrust holds a first priority deed of trust on real property comprising the Saddlebrook subdivision. The parties have stipulated that the outstanding

balance due on the note is approximately $4,876,680.00, with interest accumulating at the per diem rate of $653.82.

Prior to the date of petition, the debtor contracted with J.O. Flowe Grading Co. ("Flowe Grading") to perform site and utility work. Flowe Grading commenced work on the subdivision on September 7, 2007. On July 27, 2008, Flowe Grading filed a claim of lien against the debtor in the amount of $1,840,961.36. Also prior to the date of petition, the debtor entered into loan participation agreements with several investors. The loans from these investors are evidenced by separate promissory notes and secured by approximately fourteen deeds of trust on the debtor's real property. The total amount of the investors' claims is approximately $2,812,393.22. The court has authorized an official committee to represent these investors (the "Committee"). In addition, the debtor is a party to two lot purchase agreements with Eastwood Construction Co. ("Eastwood") and Westport Homes of North Carolina ("Westport Homes"). Under the terms of these contracts, both Eastwood and Westport Homes have agreed to purchase lots from the debtor upon completion. Eastwood has objected to the debtor's motion to assume its contract and this matter was pending on the date of hearing.

On September 23, 2008, SunTrust filed a motion for relief from the automatic stay under § 362. The debtor, Landcraft, Flowe Grading and the Committee filed objections to SunTrust's motion.

## **DISCUSSION**

Section 362 of the Bankruptcy Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the

commencement of the case . . ..." 11 U.S.C.A. § 362(a). However, the court may lift the automatic stay (1) for cause, including a lack of adequate protection; (2) if the debtor has no equity in the property and the property is not necessary to an effective reorganization; or (3) in a single asset real estate case, if the debtor's plan has no "reasonable possibility of being confirmed within a reasonable time . . . ." Id. § 362(d)(1)-(3). SunTrust contends that it is entitled to relief from stay under all three subsections of § 362 and asserts that there is sufficient cause, there is no equity in the property, the property is not necessary for an effective reorganization, and the debtor's plan has no reasonable prospect of confirmation.

      First, SunTrust argues that it is entitled to relief from stay for cause because its interest in the debtor's real property is not adequately protected. In support of SunTrust's position, George Efird, an appraiser, testified before the court. At hearing, the appraiser established that the "as is" value of the property as of October 18, 2008 was $4,065,000.00. The parties stipulated at hearing that the total debt owed on the property was approximately $4,876,680.00. The appraiser further established that the debtor selected a good location for its subdivision but that current market conditions were negatively impacting the value of the property. In addition, the parties stipulated that the debtor has failed to make any payments due under the loan since filing its petition. As a result, SunTrust asserted at hearing that it was being "held hostage" by the automatic stay. Therefore, SunTrust contends that sufficient cause exists to grant relief from the automatic stay.

      In addition, SunTrust contends that sufficient cause exists to lift the automatic stay because the debtor used a portion of its loan disbursements for an unauthorized purpose. SunTrust further contends that the debtor's alleged misappropriation of funds resulted in Flowe Grading filing a lien on the property, in violation of the parties' loan agreement. Additionally, SunTrust contends that

3

the debtor violated its loan agreement when it executed fourteen deeds of trust on the property in favor of individual investors and failed to apply the resulting funds toward its indebtedness to SunTrust or development of the subdivision.  SunTrust argues that the debtor's alleged misappropriation of funds, misrepresentations regarding payment to Flowe Grading, and violations of its loan agreement entitle SunTrust to relief from stay pursuant to § 362(d)(1).

In response, the debtor contends that SunTrust has failed to establish sufficient cause to lift stay because the property at issue is not declining in value.  On cross-examination, the appraiser for SunTrust established that the Saddlebrook subdivision was located in an excellent area.  In addition, the appraiser established that his valuation of the property did not take into account the debtor's lot purchase agreements with Eastwood and Westport Homes.  The debtor argues that its plan provides for continued construction of the subdivision in order for the debtor to complete and sell lots and realize a maximum return on its investment.  Scott Stover, a member of the debtor, established that the debtor could realize approximately $16,500,000.00 in gross proceeds upon completion of the project and sale of the property.  Therefore, the debtor asserts that the property is not declining in value and that SunTrust's interest is adequately protected.

Even if there is no cause to lift the automatic stay, SunTrust argues that it is entitled to relief from stay under § 362(d)(2) because the debtor lacks equity in the property and the property is not necessary for an effective reorganization.  As established above, the "as is" value of the property is approximately $4,065,000.00 and the outstanding balance on the note is approximately $4,876,680.00.  In addition, Flowe Grading filed a lien on the property for work performed in the amount of $1,840,961.30.  Finally, the record reflects that the debtor owes second deed of trust holders approximately $2,812,393.22.  As a result, SunTrust asserts that there is no equity in the

4

property because the total debt exceeds the property's market value.

In addition to a lack of equity, SunTrust contends that the debtor's property is not necessary for an effective reorganization and that the debtor cannot satisfy § 362(d)(3) because its plan has no reasonable possibility of being confirmed. In support of this contention, the appraiser for SunTrust established at hearing that the subdivision was approximately 33-43% complete. Additionally, the appraiser established that the debtor requires approximately $2,295,867.00 to complete the first phase of construction. Also at hearing, Mr. Stover established that the debtor must deliver 32 lots to Eastwood by February 15, 2009 pursuant to the parties' lot purchase agreement. Mr. Stover estimated that the debtor needs an additional $900,000.00 to comply with Eastwood's initial takedown requirement. However, SunTrust has indicated it is neither obligated nor willing to provide additional financing. SunTrust further contends that the debtor has no credible source for alternative funding. Thus, SunTrust asserts that the debtor's plan requires additional funding which the debtor cannot obtain. As a result, SunTrust argues that the debtor's plan has no reasonable prospect of confirmation.

In response, the debtor asserts that the subdivision is necessary for an effective reorganization and that its plan has a reasonable prospect of confirmation. Specifically, the debtor asserts that its plan of liquidation accounts for the sale of lots pursuant to its existing contracts with Eastwood and Westport Homes. Furthermore, the debtor argues that the sale of lots is necessary for the debtor to provide the greatest return to creditors because the Saddlebrook subdivision is the debtor's only asset. At hearing, the debtor proposed an alternative source of financing for completion of the Saddlebrook subdivision. Mr. Stover testified that he recently secured a letter of intent on behalf of the debtor from a financing company named Compass Group. According to Mr.

5

Stover, Compass Group offered to fund the remaining construction on the property at an interest rate of 25% and subject to the condition that it receive a first lien on the debtor's property, to the detriment of other lienholders. However, Mr. Stover failed to present this letter of intent at hearing.

Based on the evidence presented, the court finds that the debtor is unable to establish that its plan has a reasonable possibility of being confirmed. Section 362(d)(3) allows the court to grant relief from stay in a single asset real estate case if the debtor fails to file a plan "that has a reasonable possibility of being confirmed within a reasonable time." 11 U.S.C. § 362(d)(3). Here, Mr. Stover established that the debtor needs approximately $900,000.00 to complete 32 lots by February 15, 2008, pursuant to the Eastwood contract. Mr. Stover further established that the debtor must raise more than $2,000,000.00 to complete the first phase of development. However, SunTrust has established that it will no longer fund the debtor's project and the debtor has failed to obtain a letter of commitment from another lender promising additional financing. Moreover, the debtor's proposed source of financing, Compass Group, has conditioned funding upon onerous terms in a letter of intent that the debtor failed to present before the court. Significantly, even if the debtor had additional financing in place, there is no credible evidence that the debtor has a willing buyer for its lots. Westport Homes did not appear at hearing and Eastwood has indicated it no longer wants to participate in the project. The debtor's hope that market conditions will improve in the future is not enough to establish that its plan has a reasonable prospect of being confirmed when the debtor has no willing lender or buyer.

Based on the foregoing, SunTrust's motion for relief from stay is ALLOWED.

"END OF DOCUMENT"